IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


GROVER WICKERSHAM,                           No. 3:20-cv-02182-YY

                    Plaintiff,               OPINION & ORDER

        v.


EASTSIDE DISTILLING, INC., a Nevada
corporation, DOES 1-30,

                    Defendants.

Brad C. Stanford
Kimberley Hanks McGair
FARLEIGH WADA WITT
121 S.W. Morrison Street, Suite 600
Portland, Oregon 97204-3136

Michael J. Ioannou
Kevin W. Isaacson
Paula B. Nystrom
ROPERS MAJESKI PC
333 W. Santa Clara Street, # 910
San Jose, California 95113

                    Attorneys for Plaintiff

1 - OPINION & ORDER

Laura Caldera Loera
Peder Rigsby
BULLIVANT HOUSER BAILEY PC
One S.W. Columbia Street, Suite 800
Portland, Oregon 97204-4022

Julie Bardacke Haddon
GORDON REES SCULLY MANSUKHANI, LLP
1300 S.W. Fifth Avenue, Suite 2000
Portland, OR 97201

     Attorneys for Defendants

HERNÁNDEZ, District Judge,

   This matter is before the Court on Plaintiff's Motion to Certify for Interlocutory Appeal

the Court's January 25, 2024 Order, ECF 76; Plaintiff's Motion to Stay District Court's

January 25, 2024, Order Pending Interlocutory Appeal, ECF 77; and Defendant Eastside

Distilling's ("EDI") Motion to Enforce the Court's January 25, 2024 Order and for Sanctions,

ECF 79. For the reasons that follow, the Court denies Plaintiff's Motion to Certify, denies

Plaintiff's Motion to Stay, and grants in part and denies in part EDI's Motion to Enforce the

Court's Order.

## BACKGROUND

   The parties are familiar with the background facts. The Court, therefore recites only the

facts relevant to the pending motions.

   On September 14, 2023, Magistrate Judge Youlee Yim You issued a non-dispositive

Opinion and Order denying EDI's Motion to Disqualify Counsel and Revoke *Pro Hac Vice*

status and granting in part and denying in part EDI's Motion for Protective Order. Plaintiff filed

Objections to the Opinion and Order.

2 - OPINION & ORDER

On January 25, 2024, the Court affirmed in part and modified in part Magistrate You's Opinion and Order. The Court modified the portion of the Opinion and Order denying EDI's request for an order requiring Plaintiff to return the contested documents to EDI and preventing Plaintiff from using the contested documents. The Court directed Plaintiff and Ropers Majeski "to return all contested documents to EDI." *Wickersham v. Eastside Distilling, Inc*., No. 3:20-CV-02182-YY, 2024 WL 455070, at *7 (D. Or. Jan. 25, 2024). The "parties may then conduct discovery as to these and other documents pursuant to the Rules of Civil Procedure including requests for production, production under appropriate protective orders, assertions of privilege, and evaluation of claims of privilege." *Id.* The Court further directed that "Plaintiff may not use documents he retained in violation of the Code of Conduct or that he retained or provided to Ropers Majeski outside the discovery process unless those documents are produced in the usual course of discovery." *Id.*

On March 1, 2024, Plaintiff filed a Motion to Certify for Interlocutory Appeal the Court's January 25, 2024 Order and a Motion to Stay District Court's January 25, 2024, Order Pending Interlocutory Appeal. On March 6, 2024, EDI filed a Motion to Enforce the Court's January 25, 2024 Order and for Sanctions. The Court took these motions under advisement on April 3, 2024.

**PLAINTIFF'S MOTIONS FOR INTERLOCUTOR APPEAL AND TO STAY**

**I.    Interlocutory Appeal Standards**

"Under the final judgment rule embodied in 28 U.S.C. § 1291, the courts of appeal have jurisdiction over 'appeals from all final decisions of the district courts of the United States.'" *Couch v. Telescope Inc*., 611 F.3d 629, 632–33 (9th Cir. 2010)(quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). Parties, therefore, "may appeal only from orders which end[]

the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment." *Id.*

at 633 (quotation omitted). Accordingly, "interlocutory orders, such as orders pertaining to

discovery, are [generally] not immediately appealable." *United States v. Real Prop. &*

*Improvements Located at 2441 Mission St., San Francisco, Cal*., No. C 13-2062 SI, 2014 WL

1350914, at *2 (N.D. Cal. Apr. 4, 2014)(citing *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064,

1067 n.6 (9th Cir. 2002)).

28 U.S.C. § 1292(b) contains a "narrow exception" to the "final judgment rule" and gives

district courts authority to certify an order for interlocutory appeal when the court finds that

(1) the order "involves a controlling question of law"; (2) "there is substantial ground for

difference of opinion"; and (3) "an immediate appeal from the order may materially advance the

ultimate termination of the litigation." *See also In re Cement Antitrust Litig. (MDL No. 296)*, 673

F.2d 1020, 1026 (9th Cir. 1981(same).

"The requirements of § 1292(b) are jurisdictional," therefore, when a request for

interlocutory appeal "does not present circumstances satisfying the statutory prerequisites for

granting certification," the district court must deny the request. *Couch*, 611 F.3d at 633

(quotation omitted). Section 1292(b) "is to be used only in extraordinary cases." *U.S. Rubber Co.*

*v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). It is "not intended merely to provide review of

difficult rulings in hard cases." *Id*. The party seeking to appeal therefore has the heavy burden to

justify a departure from the basic policy of postponing appellate review until after the entry of a

final judgment. *In re Cement Antitrust Litig*., 673 F.2d at 1026.

"The decision to certify an order for interlocutory appeal is committed to the sound

discretion of the district court." *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1068 (D. Ariz.

2015)(citing *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995)). Accordingly, "'[e]ven when all three statutory criteria are satisfied, district court judges have unfettered discretion to deny certification.'" *Id.* (quoting *Brizzee v. Fred Meyer Stores, Inc.*, No. CV 04–1566–ST, 2008 WL 426510, at *3 (D. Or. Feb. 13, 2008)).

## II.    Analysis

Plaintiff moves to certify for interlocutory appeal the portion of the Court's January 25, 2024, Order in which the Court directed Plaintiff and Ropers Majeski to return the contested documents and prohibited Plaintiff from using the documents that he retained or provided to Ropers Majeski outside the discovery process unless those documents were produced to Plaintiff in the usual course of discovery. Plaintiff asserts his request meets the § 1292(b) criteria. EDI disagrees.

### A.    Controlling Issue of Law

A question of law is "controlling" when the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Plaintiff defines the controlling question of law here as

> whether the District Court exceeded its power and/or incorrectly modified Magistrate You's Order to require Plaintiff to return documents [EDI] knowingly sent to or received from Plaintiff's personal email account while employed at [EDI], many of which Plaintiff authored, by *sua sponte* finding that Plaintiff breached his fiduciary duties to [EDI] and violated [EDI's] Code of Conduct.

Pl. Mot., ECF 76, at 11.

Plaintiff does not point to any authority for the proposition that it is extraordinary for the Court to modify a Magistrate Judge's Opinion and Order. In fact, 28 U.S.C.A. § 636(1)(1)(A) provides "[a] judge of the court may reconsider any pretrial matter under this

subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a)("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Accordingly, to the extent Plaintiff asserts the Court exceeded its authority in modifying Judge You's Order, Plaintiff has not established a controlling question of law or an exceptional situation permitting interlocutory appeal.

In addition, although Plaintiff asserts the Court *sua sponte* decided Plaintiff breached his fiduciary duties or violated the Code of Conduct, the record reflects the parties raised and briefed the question of Plaintiff's fiduciary duty and the Code of Conduct before both Judge You and this Court. *See, e.g.*, Def. Mot. to Disqualify, ECF 48, at 4; Def. Mot. for Protective Order, ECF 50, at 5; Def. Reply to Mot. to Disqualify, ECF 63 at 12, 15, 23; Def. Am. Obj., ECF 73, at 10-11. The Court, therefore, concludes this also does not present a controlling question of law or exceptional situation under § 1292(b).

Furthermore, the Ninth Circuit and district courts in the Ninth Circuit have concluded that questions such as the one Plaintiff poses here are not controlling questions of law under § 1292. For example, in *United States v. Woodbury* the Ninth Circuit evaluated a request for interlocutory appeal under § 1292(b). 263 F.2d 784 (9th Cir. 1959). The district court found the following controlling question of law: "whether the government is entitled to withhold the documents under a claim of privilege." *Id.* at 786. The Ninth Circuit, however, stated controlling

questions of law are "as fundamental as the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied." *Id.* 787. The Ninth Circuit concluded "the claim of privilege . . . is collateral to the basic issues of this case, and cannot be regarded as presenting a 'controlling question of law' as those words are used in" § 1292(b)." *Id*. at 788. Following *Woodbury,* district courts in the Ninth Circuit have repeatedly concluded that discovery issues generally do not provide controlling questions of law within the meaning of § 1292(b). *See, e.g.*, *Echostar Satellite LLC v. Freetech, Inc*., No. C 07-06124 JW, 2009 WL 8399038, at *1 (N.D. Cal. Jan. 22, 2009)(quoting *White v. Nix*, 43 F.3d 374, 377–68 (8th Cir. 1994)(""In general, 'the discretionary resolution of discovery issues precludes [finding] the requisite controlling question of law' for immediate certification under § 1292(b)."); *City of Las Vegas v. Foley*, 747 F.2d 1294, 1297 (9th Cir. 1984)(A discovery order typically does "not a [present] a 'controlling question of law' that would be appropriate for § 1292(b) certification.").

Although Plaintiff asserts that the failure to permit review of this Court's order might lead to an increase in discovery, pretrial motions, dispositive motions, motions in limine, and appeal after final judgment, the "Ninth Circuit has specifically rejected the view that a question is 'controlling' if resolution may shorten the time, effort or expense of the lawsuit." *Zitin v. Turley*, No. CIV 89-2061-PHX-CAM, 1991 WL 283832, at *1 (D. Ariz. Sept. 19, 1991)(citing *In re Cement Antitrust Litig*., 673 F.2d at 1027). The Court concludes Plaintiff has not established that the Court's January 2024 Order involves a controlling question of law under § 1292(b).

7 - OPINION & ORDER

**B.      Material Advancement of Termination of Litigation**

Courts have found that resolution of a question materially advances the termination of litigation when it "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later in order to save the courts and the litigants unnecessary trouble and expense." *Tribble v. Surface Preparation Sys., Inc*., No. 6:20-cv-00181-AA, 2021 WL 4953817, at *2 (D. Or. 2021)(quoting *United States v. Adams Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004)). When "'a substantial amount of litigation remains in [a] case regardless of the correctness of the Court's ruling . . . arguments that interlocutory appeal would advance the resolution of this litigation are unpersuasive.'" *Hunter v. Legacy Health*, No. 3:18-CV-02219-AC, 2021 WL 4238991, at *12 (D. Or. Apr. 13, 2021)(quoting *Friedman v. 24 Hour Fitness USA, Inc.*, No. 06-cv-6282, 2009 WL 545783, at *2 (C.D. Cal. Mar. 3, 2009)).

Plaintiff asserts an immediate appeal from the order may materially advance the ultimate termination of the litigation because "disallowing such will lead to an increase in discovery motion practice, pre-trial motions, dispositive motions, motions in limine, and likely appeal after final judgment." Pl. Mot. at 18. Plaintiff, however, fails to point to any final decision on a controlling legal issue in this case that the Court could reach "sooner rather than later" if interlocutory appeal is permitted. In fact, Plaintiff's argument establishes that substantial litigation remains in this case regardless of the correctness of this Court's ruling and there is no evidence that the "decision of an interlocutory appeal might avoid protracted and expensive litigation." *Wright*, 359 F.2d at 785. The January 25, 2024 Order merely returned the parties to the position they would have been in had Plaintiff engaged in the proper discovery process to

8 - OPINION & ORDER

obtain the documents at issue. The Court did not state that the contested documents could not be produced in the normal course of discovery, rather it required Plaintiff to seek the documents in the permitted manner. *See Miller v. Boilermaker-Blacksmith Nat'l Pension Tr.*, No. 2:20-CV-317-RMP, 2021 WL 2934590, at *6 (E.D. Wash. July 12, 2021)("Ordinarily it is difficult to believe that a discovery order will present a controlling question of law or that an immediate appeal will materially advance the termination of the litigation."); *United States v. Acad. Mortg. Corp.*, No. 16-CV-02120-EMC, 2018 WL 6592782, at *5 (N.D. Cal. Dec. 14, 2018)("an immediate appeal of a discovery issue will not materially advance termination of the litigation). Thus, Plaintiff fails to establish that an immediate appeal of the Court's Order would materially advance the ultimate termination of the litigation.

In summary, the Court is not persuaded that this case presents "exceptional circumstances" which would "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *North v. Superior Hauling & Fast Transit, Inc*., No. EDCV182564JGBKKX, 2019 WL 6794211, at *3 (C.D. Cal. July 10, 2019). Accordingly, the Court denies Plaintiff's Motions to Certify and Motion to Stay Pending Interlocutory Appeal.

### DEFENDANT'S MOTION TO ENFORCE

EDI asserts Plaintiff and Ropers Majeski have refused to comply with the Court's order to return all contested documents to EDI and that Plaintiff not use the contested documents unless those documents are produced in the usual course of discovery. EDI asks the Court to exercise its powers under Federal Rule of Civil Procedure 37(b)(2)(A) to compel Plaintiff and Ropers Majeski to return to EDI the contested documents and refrain from using the documents; stay further proceedings until Plaintiff and Ropers Majeski have complied with the January 25,

9 - OPINION & ORDER

2024 Order; and award EDI its attorney fees related to the Motion to Enforce the Order as a sanction for failing to comply with the Court's Order pursuant to Rule 37(b)(2)(C) or Federal Rules of Civil Procedure 16(f). Plaintiff opposes EDI's Motion.

## I.     Standards

Federal Rule of Civil Procedure 37(b)(2)(A) provides: "If a party . . . fails to obey an order to provide . . . discovery . . . the court . . . may issue further just orders. They may include the following: . . . (iv) staying further proceedings until the order is obeyed." "In the context of Rule 37(b) sanctions, [the Ninth Circuit] read[s] broadly the term order under Rule 37(a)." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018)(quotations and citations omitted). "Both the advisory committee notes and case law suggest that Rule 37's 'requirement for an 'order' should . . . include any order relating to discovery.'" *Id.* (quoting *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 379 (9th Cir. 1988)).

Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to" the sanctions provided in Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Similarly, Rule 16(f)(1)(C) provides: "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . fails to obey a scheduling or other pretrial order." Rule 16(f)(2) includes the same sanction provision set out in Rule 37(b)(2)(C).

"The burden to establish that noncompliance with the requirements of Rule 37(d) was substantially justified, or that special circumstances would render the imposition of sanctions

inappropriate, is on the party facing sanctions." *Dickson v. McMenamins, Inc.,* No. 3:18-CV-00317-AC, 2018 WL 7078665, at *2 (D. Or. Dec. 11, 2018), report and recommendation adopted, No. 3:18-CV-00317-AC, 2019 WL 267712 (D. Or. Jan. 17, 2019)(citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994)). *See also Marquez v. Okuma Am. Corp.*, 2022 WL 2062328, at *2 (C.D. Cal. May 4, 2022)(citing *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012)); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,1107 (9th Cir. 2001)(the non-compliant party has the burden to show that its discovery error was substantially justified or harmless). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010)(citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

District courts are granted "particularly wide latitude" as to sanctions under Rule 37(c)(1). *Rago v. Select Comfort Retail Corp.*, No. ED CV 19-2291-FMO (SPx), 2020 WL 8611033, at *4 (C.D. Cal. Dec. 9, 2020)(citing *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014)).

## II.    Analysis

Plaintiff opposes EDI's Motion on the bases that there was no time limit imposed by the Court for Plaintiff and Ropers Majeski to return the documents and, therefore, EDI's Motion is premature; Plaintiff has verified under oath that he had produced to EDI all of the contested

documents in response to EDI's request for production; and Ropers Majeski offered to delete the contested documents in its possession with "verification of same" and to provide a sealed copy with the Court, but EDI rejected that proposal.

EDI asserts in its Reply that the Court did not direct Ropers Majeski to delete the relevant documents and to provide a copy of them to the Court, rather it directed Ropers Majeski to return the documents to EDI.

The Court notes that the January 2024 Order did not contain a deadline for compliance. Because Plaintiff stated under oath that he has produced to EDI all of the contested documents and EDI and Plaintiff continued to negotiate a return of the documents possessed by EDI, the Court concludes that Ropers Majeski's failure to return to EDI the documents in its possession by the time that Plaintiff filed his Motions did not violate the Court's Order. The Court, however, also concludes that Ropers Majeski's failure to return to EDI the contested documents rather than offering to destroy them and to provide a sealed copy to the Court does not comply with the Court's Order. Accordingly, the Court directs Ropers Majeski to return to EDI the documents provided to it by Plaintiff as set out in the Court's January 2024 Order within 30 days of the date of this Order. The Court, however, declines to stay this matter until Ropers Majeski and Plaintiff comply with this Order.

To the extent that the parties have disputes about documents sought from Ropers Majeski on the grounds that the documents rely on the disputed documents or that Ropers Majeski asserts the documents constitute work product, the parties can litigate those disputes in the normal course and manner of the discovery process.

The Court also declines to award sanctions at this time and, therefore, denies EDI's

12 - OPINION & ORDER

Motion to the extent that EDI requests sanctions.

**CONCLUSION**

The Court DENIES Plaintiff's Motion to Certify for Interlocutory Appeal the Court's January 25, 2024 Order, ECF 76; DENIES Plaintiff's Motion to Stay District Court's January 25, 2024, Order Pending Interlocutory Appeal, ECF 77; GRANTS EDI's Motion to Enforce the Court's January 25, 2024 Order, ECF 79; and DENIES EDI's Motion for Sanctions, ECF 79.    IT IS SO ORDERED.


DATED:   May 4, 2024    .


_____
MARCO A. HERNANDEZ
United States District Judge